Filed 3/7/24  P. v. Osborne CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E080145 |
| v. | (Super.Ct.No. INF1801872) |
| HEIDI ELIZABETH OSBORNE, | ORDER MODIFYING OPINION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

The petition for rehearing filed by appellant on February 27, 2024, is denied. The opinion filed in this matter on February 22, 2024, is modified as follows:

On page 2 of the opinion, the sentence "The Prosecutor contends the trial court erred because the delay was due to the pandemic, which was an exceptional circumstance creating good cause for the delay in bringing the case to trial" is deleted and replaced with the following:

> The Prosecutor contends the trial court erred because (1) the delay was
> due to the pandemic, which was an exceptional circumstance creating good cause
> for the delay in bringing the case to trial; (2) the victim's constitutional right to a

1

speedy trial (Cal. Const. art. I, § 28(b)(9)) trumps Penal Code section 1382's

dismissal mandate; and (3) the trial court failed to conduct an individualized

analysis of the case prior to ordering it dismissed.

On page 5 at the end of the discussion but before the disposition we add the

following two paragraphs:

    The Prosecutor contends the victim's constitutional right to a speedy trial

(Cal. Const. art. I, § 28(b)(9)) trumps Penal Code section 1382's dismissal

requirement. The victim and defendant both have constitutional rights to a

speedy trial. (Cal. Const. art. I, §§ 15, cl. 1 & 28(b)(9).) The prosecutor does not

explain how a court should balance a defendant's speedy trial right against a

victim's speedy trial right; whether a prosecutor has standing to raise a victim's

speedy trial right; when a victim's speedy trial right must be asserted; and against

whom a victim should raise a violation of their speedy trial right, e.g., the

prosecutor and/or the court. Accordingly, we deem the issue forfeited due to the

prosecutor's failure to adequately support the contention with legal argument and

legal authority. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

    The prosecutor asserts the trial court erred by relying on the trial court's

analysis in the *Freeman* case when dismissing the instant case. The prosecutor

contends the instant case required an individualized analysis because the victim

was present and requesting a trial in the instant case. The prosecutor does not

provide a legal argument as to why a victim's presence would make a difference

in a court's dismissal analysis. It is unclear if the prosecutor is asserting that a

victim's presence should give a case priority.  If that is the prosecutor's assertion, then it is unclear who is obligated to give the case priority (the prosecutor, the court, etc.) and what happens to cases in which a victim is unavailable, e.g., a murder case.  Due to the prosecutor's failure to develop the argument, we deem it forfeited.  (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793.)

Except for these modifications, the opinion remains unchanged.  The modification does not effect a change in the judgment.


MILLER _____

                                                                                                    J.


We concur:


RAMIREZ _____

                         P. J.


MENETREZ _____

                         J.


3

Filed 2/22/24  P. v. Osborne CA4/2 (unmodified opinion)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E080145 |
| v. | (Super.Ct.No. INF1801872) |
| HEIDI ELIZABETH OSBORNE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Jesse Male, Deputy District Attorney, for Plaintiff and Appellant.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Respondent.

1

In June 2019, the Riverside County District Attorney (the Prosecutor) filed an information charging defendant, Heidi Elizabeth Osborne, with second degree burglary. (Pen. Code, § 459.)  In October 2022, defendant moved to dismiss the case due to her right to a speedy trial being violated.  The trial court granted the motion.  The Prosecutor contends the trial court erred because the delay was due to the pandemic, which was an exceptional circumstance creating good cause for the delay in bringing the case to trial.  We affirm.

## PROCEDURAL HISTORY

In her motion to dismiss, defendant contended, "there are 2,800 backlogged cases with approximately 18 available trial courtrooms."  Defendant asserted she would "face years of continuances if the court[ ] . . . allow[ed] continuances indefinitely."  In opposition, the Prosecutor contended they were ready for trial, but the court lacked an available trial department.  The Prosecutor contended the pandemic, which was an exceptional circumstance, created the trial delay so the case should be continued—not dismissed.

On October 28, 2022, during the hearing on defendant's motion, the trial court explained that it was dismissing the case "for the reasons articulated and reasons [*sic*] in People versus Freeman," which is another trial court case that was dismissed on October 28, 2022.  In the *Freeman* case, the trial court said, "[W]e had no open and available courtrooms in order to send this case to."

2

The trial court explained: there were 15 criminal departments in the midst of trying cases; four civil departments were trying criminal cases; the court had applied for assistance from the assigned judge program, but no assistance had come; and Riverside County needs 115 judicial officers, but has funding for only "75 judges and 15 subordinate judicial officers," and of those, there are "eight current vacancies." The trial court determined that the Superior Court of Riverside County is "operating at about 70 percent of [its] assessed need," and its "deficit of authorized and funded judicial positions is the second worst in the state, second only to San Bernardino County."

## DISCUSSION

The Prosecutor contends the trial court erred by dismissing the case because the pandemic was an exceptional circumstance that permitted the court to exceed speedy trial deadlines.

"Under [Penal Code] section 1382, subdivision (a)(2), '[t]he presumptive time period established by state law for bringing a felony case to trial is 60 days from the date a defendant is arraigned on an information or indictment.' [Citation.] If a felony case is not brought to trial within that deadline, the trial court 'shall order the action to be dismissed' unless there is good cause for the delay. [Citation.]

"Good cause does not exist 'when the lack of a judge or courtroom available to timely bring a criminal defendant to trial is fairly and reasonably attributable to the fault or neglect of the state.' [Citation.] Court congestion therefore does not constitute good cause unless it is caused by ' "exceptional circumstance[s]." ' [Citation.] [¶] The trial

3

court has 'broad discretion to determine whether good cause exists to grant a continuance of the trial.' [Citation.] We therefore review a trial court's good-cause determination for an abuse of discretion." (*People v. Superior Court* (*Tapia*) (2023) 93 Cal.App.5th 394, 402 (*Tapia*).)

*Tapia* concerned the dismissal of a criminal case by the Superior Court of Riverside County in October 2022, due to the lack of an available courtroom. (*Tapia*, *supra*, 93 Cal.App.5th at p. 400.) In *Tapia*, this court explained that the Superior Court of Riverside County is "severely underfunded and understaffed," and noted its status as "the second or third most underfunded trial court in California." (*Tapia*, *supra*, 93 Cal.App.5th at pp. 403-404, fn. omitted.) This court denied the Prosecutor's writ petition that challenged the dismissal of the case, reasoning, "Given the Superior Court's chronic congestion that has existed for nearly two decades and remains unresolved to this day, [the trial court] reasonably could find that [the petitioner's] case could not timely be brought to trial because [the fact that] there was no available judge was 'fairly attributable to the state's failure, over a considerable period of time, to provide a number of judges sufficient to meet the needs of Riverside County's rapidly growing population and caseload—a circumstance fairly attributable to the fault or neglect of the state.' " (*Id.* at p. 407.) In sum, the lower court reasonably found that the petitioner's case could not be tried in a timely manner "simply because there are '[n]ot enough judges.' " (*Id.* at p. 408.) Our Supreme Court denied the Prosecutor's petition for review in *Tapia* on September 27, 2023, S281419.

4

We follow this court's decision in *Tapia*. It was within reason for the trial court to conclude that in October 2022—two and one-half years after the start of the pandemic—the Superior Court of Riverside County was doing "everything within its means to bring criminal cases to trial within [Penal Code] section 1382's deadline. Despite its best efforts, the superior court simply does not have enough judges to adequately tackle its chronic congestion, . . ." (*Tapia*, *supra*, 93 Cal.App.5th at pp. 407-408.) Because the delay was due to chronic court congestion, there was no good cause for failing to bring the case to trial in a timely manner. Thus, the trial court did not abuse its discretion.

The Prosecutor argues that the pandemic is an exceptional circumstance creating good cause for the delay in bringing the case to trial. However, October 2022 was two and one-half years after the start of the pandemic. While the pandemic was an ongoing circumstance in October 2022, to describe anything that has been going on for two and one-half years as "exceptional" would undermine the word "exceptional." In other words, anything lasting for two and one-half years tends to become more ordinary than exceptional. Thus, the trial court reasonably rejected the theory that in October 2022, the pandemic provided good cause for further delaying defendant's trial.

## DISPOSITION

The dismissal order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

MENETREZ

J.

6